Whether the attorneys are here or not, first is Laufman v. The State of Arizona. You may begin. Start by identifying yourself. Antonio Versace for the appendant. Harry Laufman, Your Honor. Your Honor, thank you for this morning. It is the appellant's position in this case that the lower court erred in its ruling, denying the motion to compel for two very important reasons. The first reason is because the court, following the rule set forth in Edelman v. Jordan, failed to apply the post-Edelman holding which was found in Demery case, Demery v. Cooperman. In that case, the court found that the State of Arizona, by virtue of creating a statute which compelled it to pay on 1983 claims, similar to the judgment that the appellant has in this case, does not extend the 11th Amendment protections. Furthermore, in that case, You're talking about Demery? Demery, Your Honor. But wasn't the difference in Demery is that they're being sued in their individual capacities, in which case the damages are against the individuals. And then if they want to go back on indemnification against the State, they can do that. But the actual lawsuit is against the individuals, and so obviously it wouldn't implicate the 11th Amendment. So it's not a parallel situation to what you want us to do, is it? I think, Your Honor, that it bridges actually into my second point. Primarily the court, this court in the Demery case, found that by virtue of creating the statute, it does not expand the protections by the 11th Amendment. But on the issue of damages, the court, and it's widely held in all the case law applicable to the 11th Amendment, that retroactive relief as a matter of awards against the State damages is not permissible under the 11th Amendment. However, prescriptive relief is. And in this case, and this is our second point, the appellant is not requesting an award of damages, simply prescriptive relief. An order compelling the State. What do you mean by prescriptive relief? You're seeking a payment of money from the State of Arizona, right? Practically speaking, Your Honor, but as a matter of procedure, it's simply. . . I mean, you're trying to put an interesting label on it. Where do you go by calling it prescriptive relief? It's really an attempt to get money out of Arizona. It's like fork over the money. If you're right, that's what happens is Arizona has to fork over the money, correct? That's correct, Your Honor, but this Court is not asserting the power. The State of Arizona voluntarily on its own volition created a statute to compensate victims of statutes. What do you mean you're not asserting the power? Then why are you in Federal court trying to use the power of Federal court to pull money out of the State of Arizona? Because the original claim was a 1983 claim, Your Honor, and this Court. . . You're asking the Federal court to force Arizona to pay money. You see, the difference between Demery, really, is that it bars Arizona from raising an 11th Amendment objection to Laufman's Federal suit against Ellison, but this is different because now you're going after the State. Demery suggests to me on reading it that you're barred. We're barred in that action, Your Honor, but like I said, in all the case law across the board, this Court has the ability and equity in order to enforce its judgments, and actually all we're asking the Court to do is to require the State of Arizona to comply with its statutes, which was created to benefit the victims of 1983 violations. But you can get that benefit in the State court, can't you? Your Honor, right now we're dealing with an issue that primarily revolves around a judgment from a Federal court. I understand that, but you can collect money enforcing a judgment in any court that has appropriate jurisdiction. The point here is that Demery does not support the notion that a Federal court has jurisdiction to compel payment out of the State Treasury. Well, Demery does support the contention that the State of Arizona does not have the ability by virtue of the creation of a statute to claim that the 11th Amendment bars any sort of action. Have you tried to seek the relief you're after in State court? Not at this point, Your Honor. Why not? I mean, why are you wasting time in Federal court when the 11th Amendment tells you you can't use the Federal court to go after the State this way? Why are you choosing to pursue it in this venue instead of going where all the cases suggest you ought to be, which is in State court? Your Honor, in this case, the appellant actually went to the risk management from the State of Arizona. They refused to pay on the claim, not because of an 11th Amendment claim, but because they claimed that the defendant was not acting under color of State law. That's risk management. But was that after the judgment? That was after the judgment, Your Honor. Well, then you file in State court. They are obviously potentially in breach of, you know, failure to comply with a judgment That's claim preclusive, isn't it, in the State system? That'd be correct, Your Honor. However Why not go to the State court? In Demery, Your Honor, this Court made it clear that if this Court can basically If the State by creation of a statute can invalidate the ability of a victim to seek any sort of compensation by virtue of creation of a statute, it creates an incongruity within the law where the victim, even though filing a claim under 1983, has no ability to enforce the judgment, even though the State on its own volition created a statute which it agreed to pay on the judgment. But the problem in Demery, you know, you keep missing the point in Demery is that basically you had, the Court wasn't concerned about the power over the State treasury in Demery as an initial point. It had individual defendants sued in their individual capacity, as you do in a 1983 case, and that was the judgment. The State's only obligation would have been under indemnification or something separate, so they couldn't raise at that point an Eleventh Amendment objection because they weren't being made to pay. You now take the judgment and you want the Federal court to say to the State court you must pay this. That is about as clear and direct implication of the Eleventh Amendment as I can see. I just don't understand how we could even get around it. Well, Your Honor, specifically in Demery, it discussed a lot of different key facts, and although one of the key facts that it brought up was the fact that the State of Arizona, by creation of the statute and the Court basically saying that the State's going to have an obligation to pay with any ultimate resulting judgment, does not, it does not say that the Court is asserting any power over the State. Well, let me read you something from Demery. And if plaintiff prevails in his suit against the officials, any suit by him seeking to enforce his award against the State in Federal court would be barred by the Eleventh Amendment. Judge Reinhart specifically said that in the opinion. That's Demery. How do you get around that? I mean, any, if the plaintiff prevails, any suit seeking to enforce his award against the State in Federal court would be barred by the Eleventh Amendment. Any suit. How do you get around that language? That's Demery. Our position, Your Honor, is that all of the case law from How do you get around that language? That language takes into account, and it doesn't further discuss it because it wasn't a pointed issue in this case. However, all of the case law is applicable from expartite, young. So are you saying that's irrelevant, dicta? I'm saying that the Court has yet to really fully discuss it because at that point in time, it was a question on whether or not there was immunity to the suit itself by virtue of the statute. What about Glossin v. Barnes, which is cited for that proposition, which goes all the way back to 1984? Once again, Your Honor, Glossin v. Barnes can be distinguished primarily because in those cases, they were seeking retroactive relief. In this case, we're not. But it's important to understand that there was no retroactive relief that was  There is a fair amount of evidence in the court for equitable relief. Prospective relief. What does it take to enforce a judgment in Arizona? Is there something special or different why you wouldn't just go down and try to enforce your judgment? Your Honor, in this case, it's been impossible against the state, at least in federal court because the state has refused to acknowledge that the underlying facts specifically that this state Did you go to State court and say, I have this federal judgment, which is now final, and I want to enforce this? I believe that we could, Your Honor. We wanted to It would be faster and cheaper, it seems to me. If you have a legitimate judgment, it would get paid. Your Honor In state court. I mean, I just don't understand how we got through a district court proceeding, a Ninth Circuit proceeding. We now are going to have some kind of a disposition in the Ninth Circuit, which, unless we can find some other authority, doesn't look too promising for you. Probably would have taken ten minutes in state court. So I don't understand. Is there some aversion to state court? No, Your Honor. Is there some secondary gain that you're seeking by losing this appeal? No, Your Honor. That's not correct. We simply, there was an area in the law that we believe that applies to this case, and it's a federal question. And specifically, it deals with the ability of creation of a statute, and the case law as far as the court's ability to administer its own judgments. You've got this box full of labels. We see this all the time. Prescriptive relief, equitable relief, and you're trying to put a label on something, which is like putting a dress on an animal. It's still an animal. This is still an attempt to seek money from the treasury of the state of Arizona, and that's classic Eleventh Amendment problems. Your Honor, that's May I simply hold the rest of the time that I have remaining for rebundal? Yeah. Members of the Court of Counsel, my name is Michael Prost. I'm here on behalf of the Intervenor State of Arizona. Does anything bar the other side from going against the state of Arizona in state court? Not a thing, Your Honor. In fact, Judge Carroll, I filed a copy of the oral argument. Judge Carroll, that's one of the specific questions that Judge Carroll asked the plaintiff's counsel at the hearing on March 17, 2003. Why are you here? Why don't you go to state court? And what would it take to enforce a judgment in state court in Arizona? I guess another question that's not exactly before us, but we have to wonder, why don't you just pay up? Leave that aside. What does it take to enforce the judgment in Arizona? Well, there would be what he would have to do is file some kind of action against Nancy Elliston, which he could easily do. For collection of the judgment. For collection of the judgment. Arizona has a panoply of remedies. Why can't he register the judgment in Arizona and then just pursue it as a post-judgment enforcement proceeding? He could do that, Your Honor. She's not going to pay the money, though. The reality is she needs to say to the state, indemnify me, correct? That is correct, and she's never said that. In fact, she's not a state employee, and I realize that's not an issue before you, and we have to accept the judgment as it is. You can't challenge that in the state system, right? No, we can't. There's a 1983 case, and the precondition to 1983 relief is a state actor, right? But we could and we would oppose the collection of the award from the state because Nancy Elliston was not a state agency, state entity, state actor. How can you do that? When you've got a judgment, a federal judgment that involves, that is under 1983, and under 1983 the only basis on which the federal court had jurisdiction was the predicate of her being a state actor. Your Honor, the state had no notice, was not present in the proceedings and had no notice. No, in other words, if there's a request for indemnification, you would raise a defense and then the judge would figure out whether there was collateral essapol or res judicata in some way or some preclusive effect of the judgment, right? Exactly. That's why you're not just writing a check. That is correct, Your Honor. Okay. The first time we had any notice of this at all was in April of 2002 when Mr. Loffman, before he retained counsel, filed a notice of claim with the Department of Administration in Arizona. That's the first time we had any notice that they were asserting liability against the state because, as you know, all the state defendants were dismissed out in a Rule 54B judgment in 1999. And that's the first time we had any notice from the plaintiff. And we would, at that time, if they filed a superior court action to try to enforce the judgment, we would raise those same defenses as we would be entitled to do. So you're saying that's a matter of state law, of construing the indemnification statute. That is correct, Your Honor. And we are not here saying that the indemnification statute, ARS 41-621, extends 11th Amendment liability. That's clearly wrong. This Court decided that in Ronlon and noted that indemnity. I'm sorry. But the specific language that I quoted in my brief was what Your Honor quoted, that if the alleged state official prevails in a suit against the officials, and that is the situation we have here, they have a judgment against Mr. Loffman has a judgment against Nancy Elliston, any suit by him seeking to enforce his award against the state and federal court would be barred by the 11th Amendment. And that's just black-letter 11th Amendment law. There's no way to get around it. Do you have anything else you want to add to that? No, Your Honor. I just asked that the ‑‑ I've raised a lot of state law issues, but I don't think you need to get to those. I just raised those in my part three of the brief because counsel raised those. But this case should be decided based upon Demery and Glossen v. Barnes, which are directly on point and bar the relief that plaintiff is requesting here and require an affirmance of the district court. Thank you, counsel. You have a minute to respond. Your Honors, primarily here the state did have notice of the original federal court. They actually came in and defended some of the defendants, simply chose not to for whatever reason to defend Nancy Ellison. That has actually created this anomaly that we have right now, which is we have a valid 1983 judgment. We have a state statute that requires them to pay. We're not seeking an actual monetary damage award against the state. The state voluntarily, on its own volition, created a statute to benefit the victims whose civil rights have been violated under 1983. That's all we're seeking to do is equitable or prescriptive relief, which historically, according to the case law, is permissible under the 11th Amendment. Both Expartheid Young, all the way through all the cases, from Edelman in Jordan to Demery, the applicable case here today that we've discussed, this court has the ability without, that is not barred by the 11th Amendment, to be able to compel the state of Arizona to simply follow their own law. Thank you, counsel. The case just argued is ordered and submitted. We'll get your decision in short order. Case number two, James Irwin Bobacker v. the Wacker USA Corporation.
judges: Trott, McKeown, Shadur